IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **REGINALD NETTLES,** | * |
| | * |
| Petitioner, | * |
| | * |
| vs. | * CIVIL ACTION: 14-00389-CG-B |
| | * |
| **B.R. JETT,** *et al.*, | * |
| | * |
| Respondents. | * |

**REPORT AND RECOMMENDATION**

Petitioner Reginald Nettles, who is currently housed at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester"), has filed a petition and amended petitions seeking habeas relief under 28 U.S.C. § 2241 against B. R. Jett ("Jett"), Warden of FMC Rochester, and the United States of America.[1] (Docs. 1, 2, 4). Also before the Court is a response filed on behalf of the Respondents (Doc. 17) and a reply by Nettles. (Doc. 18).

The petition, as amended, is now ripe for adjudication and has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R) and Rule 8 of the

---

[1] In addition to his initial petition, Nettles also filed two amended petitions, the last of which was at the court's direction because the first two were not on the form required by this Court. (Docs. 2, 3, 4).

Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that Nettles' habeas petition, as amended (Doc. 4), be construed as a motion for discharge under 18 U.S.C. § 4247, that it be **DENIED** and that this action be **DISMISSED** without prejudice. The undersigned further **RECOMMENDS** that the Court request the preparation of an annual report pursuant to 18 U.S.C. § 4247(e)(1)(B) from the Director of the Federal Medical Center in Rochester, Minnesota where Nettles is currently housed.

**I.   Background.**

In September 2012, Nettles was indicted for assaulting a postal employee in violation of 18 U.S.C. § 111(a), (b). United States v. Nettles, Crim. No. 12-00220-CG-B (Crim. Doc. at 11)[2]. Nettles entered a plea of not guilty, and

---

[2] The Court takes judicial notice of the criminal docket in the underlying criminal case, United States v. Nettles, Crim. No. 12-00220-CG-B, and will reference documents in that case as follows: (Crim. Doc. at " ") See United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts.").

2

following a competency evaluation and hearing, he was deemed competent to stand trial (Crim. Doc. at 21). Following a stipulated bench trial, the Court found Nettles not guilty only by reason of insanity, and pursuant to 18 U.S.C. § 4243(b), the Court ordered that Nettles be examined for a determination of whether or not he was suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. (Crim. Doc. at 33). On November 6, 2013, following receipt of the report of examination from the Federal Medical Center at Butner, North Carolina (Crim. Doc. 37), the Court held a hearing pursuant to 18 U.S.C. § 4243(c), and found that Nettles failed to prove by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property to another due to the present mental disease or defect. (Crim. Doc. at 40). Thus, the Court ordered Nettles committed to the custody of the Attorney General pursuant to 18 U.S.C. 4243(e). (Id.) As noted *supra*, Nettles remains confined at FMC Rochester and has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2241.

**II.    Habeas Petition.**

A review of Nettles' petition as amended reveals that it is disjointed, and difficult to decipher. As best the undersigned can determine, Nettles is not challenging the conditions of his confinement, but the fact of his confinement and, he is seeking his immediate release from custody on conditions. Nettles also asserts that his counsel failed to appeal the commitment order which resulted in his confinement, and that his counsel was ineffective because Nettles was denied a speedy trial, denied a trial by jury, and had his testimony used against him in violation of his Fifth Amendment rights. Nettles further asserts that all the laws of the United States are null and void. (Doc. 4).

Respondent argues that Nettles' petition constitutes a "collateral attack on his conviction or sentence" and as a result, it should be brought pursuant to 28 U.S.C. § 2255, not § 2241, and that the time for filing a § 2255 petition has long since expired. (Doc. 17 at 3). Respondent further asserts that Nettles' claims do not fall within the "savings clause" of § 2255(e); thus, he should not be allowed to circumvent the provisions of §2255 by improperly seeing relief under § 2241.

4

**III.   Analysis.**

**a. Proper Classification of Petition**

A federal prisoner seeking to collaterally attack his sentence must, in most instances, pursue relief under 28 U.S.C. § 2255. McCarthan v. Warden, FCC Coleman-Medium, 811 F. 3d 1237 (11th Cir. 2016). Section 2255 grants federal prisoners a cause of action to challenge their sentences as unconstitutional or otherwise unlawful and delineates the procedure for adjudicating these actions. Id.  In addition, the so-called "savings clause" contained in § 2255  allows a federal court to entertain a federal prisoner's § 2241 habeas petition in the limited circumstances where the prisoner demonstrates that the remedy in § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e)[3]; see also Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1337 (11th

---

[3]   The "savings clause" of § 2255 enumerates the circumstances under which the door is opened to allow a petitioner to file suit under § 2241.  The statute states:

> a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Cir. 2013); Wattleton v. Beeler, 186 F. App'x 852, 852-53 (11th Cir. 2006) (quoting 28 U.S.C. § 2255(e)) (citing Wofford v. Scott, 177 F.3d 1236, 1238-39 (11th Cir. 1999)).

In this action, Nettles is not in custody serving a sentence, but he is instead confined to FMC Rochester based upon the Court's findings of not guilty only by reason of insanity, and that his release would create a substantial risk of harm to others due to his mental defect or disease. Accordingly, given the absence of a sentence, Nettles cannot proceed under § 2255[4]. See United States v. Tucker, 153 F. App'x 173, 175 (4th Cir. 2005)(per curiam) (dismissing appeal of denial of § 2255 where individual had been found not guilty by reason of insanity); Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004)(petitioner "was found not guilty by reason of insanity and therefore is not eligible for relief under 28 U.S.C. § 2255."); United States v. Budell, 187 F.3d 1137, 1141 (9th Cir. 1999)("Because [petitioner] was acquitted [by reason of

---

[4] In Wattleton v. Beeler, 186 Fed. Appx. 852 (11th Cir. 2006), the 11th Circuit declined to reach the issue of whether a person found not guilty only by reason of insanity and subsequently committed was a prisoner in custody for purposes of section 2255 because the petitioner in that case had already had all of his claims addressed in a previously filed section 2255 motion. In that instance, the court held that the petitioner could not circumvent the successive-petition rule simply by filing a petition under section 2241.

6

insanity], he is not a prisoner in custody under sentence. . ." and section 2255 is inapplicable to him.); Knox v. United States, 2008 U.S. Dist. LEXIS 119099, 2008 WL 2168871 at *4 (D.S.C. May 2, 2008)(noting that petitioner could not file a habeas petition under section 2255 because he was not a "prisoner in custody under sentence.").

As noted, Section 2255's "savings clause" permits a petition under § 2241—which is "generally reserved for challenges to execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement," Bryant v. Warden, 738 F.3d 1253, 1288 (11th Cir. 2013)—if a petitioner establishes that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e); see also Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir.2003). A person committed after having been found not guilty only by reason of insanity is not precluded from establishing by writ of habeas corpus the illegality of his detention. 18 U.S.C. § 4247(g); Wattleton v. Beeler, 186 Fed. Appx. 852 (11th Cir. 2006); Payden v. Jett, 610 Fed. Appx. 594 (8th Cir. 2015)("we disagree with the conclusion that Payen was precluded from bringing a habeas claim--for which the warden would be the proper respondent--challenging his continued confinement and seeking a hearing on that basis,

7

*see* 18 U.S.C. § 4247(g) (nothing contained in, inter alia, § 4246 precludes person who is committed under section from establishing by writ of habeas corpus illegality of his detention)"); Archuleta v. Hedrick, 365 F. 3d 644 (8th Cir. 2004)(because the petitioner was contending that he met the standards for release under 18 U.S.C. § 4243, his claim was cognizable under "2241(c)(3) which "authorizes the habeas court to determine whether the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."".

A petitioner proceeding under 28 U.S.C. § 2241(d) must file his petition in the district where he is incarcerated, and must name the warden as the respondent[5]. Fernandez v.

---

[5] U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

United States, 941 F.2d 1488, 1495 (11th Cir. 1991)("[s]ection 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.") ; see also Rumsfeld v. Padilla, 542 U.S. 426, 446-47, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) ("The proviso that district courts may issue the writ only 'within their respective jurisdictions' forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Although Nettles was tried in the Southern District of Alabama, and it was this Court that committed him to the custody of the Attorney General, he is committed to the Federal Medical Center in Rochester, Minnesota. Thus, venue properly lies in the United States Court for the District of Minnesota, where Nettles is currently confined, as opposed to this District.

    **b.**    **Transfer of Petition.**

Under 28 U.S.C. § 1406(a), when a complaint is filed laying venue in the wrong district, a district court may dismiss or, in the interests of justice, may transfer that action to any district in which it could have been brought. In applying § 1406(a), "the decision whether to transfer a case is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion." Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 985 (11th Cir. 1982); Minnette v. Time Warner, 997 F.2d 1023, 1026 (2nd Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court.").

"Generally, the interests of justice [favor] transferring a case to the appropriate judicial district rather than dismissing it." Simpson v. Fed. Bureau of Prisons, 496 F. Supp.2d 187, 194 (D.D.C. 2007); see also Kapordelis v. Danzig, 387 F. App'x 905 (11th Cir. 2010) (If a case is filed in the wrong district, the court must dismiss the case, or, in the interests of justice, transfer the case to any district in which it could have been brought); Gadson v. Unnamed Defendant, 2009 U.S. Dist. LEXIS 1176 (N.D. Ga. Jan. 9, 2009) (When venue is improper, the court may, in the interest of justice, transfer the

10

case to a district court in which it could have been brought).

While this Court has the option to transfer Nettles' petition to the appropriate court in Minnesota, the undersigned does not find this disposition justified because it does not appear that Nettles is eligible for habeas corpus relief in Minnesota. "[H]abeas corpus is an extraordinary remedy typically available only when 'the petitioner has no other remedy.'" Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004) (quoting Taniguchi v. Schultz, 303 F.3d 950, 955 (9th Cir. 2002); see Stack v. Boyle, 342 U.S. 1, 6-7, 72 S. Ct. 1, 96 L. Ed. 3 (1951) (habeas corpus relief was withheld "where an adequate remedy available . . . had not been exhausted."). As a general rule, courts require exhaustion of alternative remedies before federal habeas relief is allowed. See Boumediene v. Bush, 553 U.S. 723, 793, 128 S. Ct. 2229, 2274, 553 U.S. 723, 793, 171 L. Ed. 2d 41, 94 (2008) ("[T]his Court has required exhaustion of alternative remedies before a prisoner can seek federal habeas relief."). "While habeas corpus is 'always available to safeguard the fundamental rights of persons wrongly incarcerated,' it 'is the avenue of last resort.'" Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) (quoting

11

Martin-Trigona v. Shiff, 702 F.2d 380, 388 (2d Cir. 1983) (noting that "habeas corpus traditionally has been accepted as the proper vehicle to challenge the constitutionality of an order of imprisonment from which there is no route of appeal")); Thomas v. Crosby, 371 F.3d 782, 371 F.3d 782, 789 (11th Cir. 2004)(viewing as analogous the exhaustion requirements of § 2254 petitions to those of § 2241 habeas petitions).   In the case at hand, Nettles has an alternative remedy to filing a habeas petition.

   Nettles is currently being hospitalized pursuant to 18 U.S.C. § 4243(e).  This law was enacted as part of the Insanity Defense Reform Act of 1984 ("IDRA"), which encompasses §§ 17, 4241-4248 of Title 18 of the United States Code.  The IDRA establishes a complete procedural guide for the commitment and discharge of insanity acquittees like Nettles.  It provides that Nettles is due to be confined until he "has recovered from his mental disease or defect to such an extent that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would no longer create a substantial risk of bodily injury to another person or serious damage to property of another. . . ." 18 U.S.C. § 4243(f).  It further stipulates that eligibility for release from hospitalization is determined

12

by the director of the medical facility where the acquittee is confined, 18 U.S.C. § 4243(f), or by the court after a hearing for discharge is conducted.  18 U.S.C. §§ 4243(f), 4247(h).  Additionally, provisions were enacted in the IDRA obligating the director of the hospital to "prepare annual reports concerning the mental condition of the person and containing recommendations concerning the need for his continued commitment," 18 U.S.C. § 4247(e); the requirement of annual reporting and continued monitoring is assuredly to protect a civilly committed acquittee from confinement beyond duration needed for hospitalization and treatment.  The necessity for protecting one's liberty interest is further recognized and addressed in section 4247, which provides:

> Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to the provisions of subsection . . . (f) of section 4243 [18 USCS § 4243], counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed. A copy of the motion shall be sent to the director of the facility in which the person is committed and to the attorney for the Government.

18 U.S.C. § 4247(h). Section 4247(h) thereby provides a statutory alternative remedy to habeas corpus relief. Further, because Nettles is in custody by reason of a commitment order issued out of this District, it is this Court, not the warden of the medical center in FMC Rochester, that may grant Nettles the statutory relief he seeks, either conditional or unconditional release. See § 4247(h); Archuleta, 365 F.3d at 649. Accordingly, rather than transferring the petition, the undersigned recommends that Nettles' petition be construed as a motion for discharge under 18 U.S.C. § 4247(h).[6]

### c. Motion Seeking Discharge under 18 U.S.C. §4247(h).

There are effectively two ways Nettles may receive a discharge, as discussed above: (1) through the director of the FMC Rochester to file a certificate with the clerk of this Court pursuant to 18 U.S.C. § 4243(f), or (2) through a motion for a hearing to determine the possibility of release pursuant to 18 U.S.C. § 4247(h). The first method

---

[6] *Pro se* pleadings must be read liberally to determine "whether jurisdiction to consider [them] can be founded on a legally justifiable base." Fernandez v. United States, 941 F.2d 1488, 1491 (11th Cir. 1991). Therefore, the Court has an "obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990).

14

has yet to occur; as the Court takes judicial notice that the docket does not reflect that director of FMC Rochester has filed any such certificate as prescribed by § 4243(f). Therefore, Nettles' available remedy for relief is established in and provided by § 4247(h).

Section 4247(h) provides that "counsel for the person or his legal guardian" may file a motion for a discharge hearing. The statute, thereby, does not authorize a committed person to file a motion for a discharge hearing on his own behalf. See United States v. Nakamoto, 2 F. Supp. 2d 1289, 1290 (D. Hawaii 1998) ("an insanity acquittee may not seek a hearing *pro se* to determine whether he or she should be discharged under 18 U.S.C. § 4247(h)"); see also United States v. Hunter, 985 F.2d 1003 (9th Cir. 1993) (same), vacated as moot, 1 F.3d 843 (9th Cir. 1993); United States v. Thomas, 2015 U.S. Dist. LEXIS 94687, * 2 (E.D. N.C. July 21, 2015) ("The [civilly committed] himself may not make such a request *pro se*, nor may the district court conduct such a hearing *sua sponte*.).

While the Court has the discretion to appoint counsel to file a motion for discharge on behalf of Nettles, the undersigned finds that the record does not contain any information regarding Nettle's current mental state. Thus, there is nothing presently before the Court warranting a

15

motion for discharge let alone the appointment of counsel. Accordingly, at this juncture, Nettles' pro se motion for discharge should be denied. The undersigned further recommends that an annual report, pursuant to § 4247(e)(1(B),[7] be obtained from the director of the Federal Medical Center in Rochester, Minnesota where Nettles is currently confined. After review of such report, the Court can determine whether it is appropriate, under the circumstances, to appoint counsel to represent Nettles in pursuing a discharge hearing pursuant to 18 U.S.C. § 4247(h).

IV.   **Conclusion.**

For the reasons stated herein, the undersigned **RECOMMENDS** that Nettles' habeas petition, as amended (Doc. 4), be construed as a motion for discharge under 18 U.S.C. § 4247, that it be **DENIED** and that this action be **DISMISSED** without prejudice. The undersigned further **RECOMMENDS** that

---

[7] The undersigned takes judicial notice of the Court's record and notes that Petitioner Nettles was committed to the custody of the Attorney General on November 6, 2013. (Crim. No. Doc. 40). Section 4247(e)(1(B) requires the director of the facility in which a person is committed pursuant to § 4243 to "prepare annual reports concerning the mental condition of the person and containing recommendations concerning the need for his continued commitment. The reports shall be submitted to the court that ordered the person's commitment to the facility and copies of the reports shall be submitted to such other persons as the court may direct."

16

the Court request an annual report pursuant to 18 U.S.C. § 4247(e)(1)(B) from the director of the Federal Medical Center in Rochester, Minnesota regarding Petitioner Nettles; after receipt and review of the annual report, the Court will determine whether or not counsel should be appointed for purposes of filing a motion for discharge hearing pursuant to 18 U.S.C. § 4247(h).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the

17

court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **10th** day of **March, 2016.**

                                     **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**